**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                         **4:17-CR-00137-02-JM**

**TIMOTHY PEEL**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 128) is DENIED.

**I.   BACKGROUND**

On September 4, 2018, Defendant pled guilty to one count of conspiracy to distribute methamphetamine.[1] On April 3, 2019, he was sentenced to 145 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 98, 99.

[2] Doc. Nos. 120, 121.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant alleges that he requested compassionate release from the warden, and has provided his request as well as the warden's denial of the request. Accordingly, it appears that Defendant has exhausted his administrative remedies.

Defendant seeks compassionate release so that he can be a caretaker for both his mother and brother. Defendant provided a letter from his mother's physician noting that she should have a caregiver because of her anxiety, arthritis, and chronic pain.[5] The Guidelines require "death or incapacitation of the caregiver of the defendant's minor child . . . ." Defendant does not allege that his mother is incapacitated, and the attached documentation does not support a finding that she is incapacitated. Additionally, being a caregiver for one's mother or disabled brother is not a ground for release. Notably, the documents Defendant provided in support of his request are from 2018, which means his mothers health conditions were present when he was on pretrial release. However, he was not taking care of her then, since he repeatedly failed to comply with his curfew, resulting in the revocation of his pretrial release. Additionally, Defendant is 43 years old and has served less than 20% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has over twenty prior criminal convictions, including convictions for attempted breaking and entering, theft, battery, multiple drug possessions, delivery of cocaine, and possession with intent to delivery marijuana. In fact, he committed the instant offense while on parole for a prior conviction.

---

[5]Doc. No. 128.

The severity of the instant offense must also be considered.  2017 investigation revealed that Defendant and a co-defendant were engaged in the distribution of ounce quantities of methamphetamine as well as distribution of cocaine and marijuana.  In fact, a confidential informant negotiated three controlled buys of methamphetamine in less than a week in February 2017.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 128) is DENIED.

IT IS SO ORDERED, this 10th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE